**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


Lysandra Howard,

    Plaintiff,

v.           Case No. 1:20-cv-3366-MLB

Wal-Mart Stores East, LP, XYZ
Corporation, and John Doe,

    Defendants.

_____/

## OPINION & ORDER

 Plaintiff Lysandra Howard sued Defendants Wal-Mart Stores East, LP, XYZ Corporation, and John Doe for negligence after a slip-and-fall incident.  (Dkt. 1-1.)  Defendant moves for summary judgment.[1]  (Dkt. 27.)  The Court grants that motion.

## I. Local Rule 56.1(B)

 Defendant correctly points out that Plaintiff failed to comply with Local Rule 56.1.  (Dkt. 34-1 at 1–3.)  Under that rule, when a movant for summary judgment files a statement of material facts, those facts are

---

[1] "Defendant" in this order refers to Wal-Mart Stores East, LP.

deemed admitted unless the respondent (1) directly refutes the movant's facts with concise responses supported by specific citations to evidence; (2) states a valid objection to the admissibility of the movant's facts; (3) points out that the movant's record citations do not support the movant's facts; or (4) asserts that the movant's facts are immaterial.  LR 56.1(B)(2)(a)(2), NDGa.   Compliance with this rule is "the only permissible way for [a respondent] to establish a genuine issue of material fact" at the summary judgment stage.  *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).  Plaintiff did not respond to Defendant's statement of material facts.  Defendant's facts, which the Court finds supported by Defendant's citations, are therefore deemed admitted for purposes of resolving the motion for summary judgment.  *See BMU, Inc. v. Cumulus Media, Inc.*, 366 F. App'x 47, 49 (11th Cir. 2010) (per curiam) ("Because BMU failed to file a response to Cumulus's statement of undisputed facts, the district court did not err by deeming 'all of the facts set forth in Cumulus's statement of facts . . . admitted.'").

Still, even when the facts are deemed admitted, summary judgment does not automatically follow.  Instead, "[t]he movant . . . continues to shoulder the initial burden of production in demonstrating the absence

2

of any genuine issue of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged." *Reese*, 527 F.3d at 1268. With that in mind, the Court now turns to the facts.

## II.    Background[2]

On January 8, 2018 at 5:28 p.m., Plaintiff slipped and fell on a clear, invisible liquid in the frozen food aisle of a Wal-Mart store in Conyers, Georgia. (Dkt. 27-1 ¶ 1.) When she entered the store, the weather was cloudy, and it had just started drizzling. (*Id.* ¶ 4.) She shopped for about an hour. (*Id.* ¶ 6.) She does not know whether she walked through the frozen food aisle during that time. (*Id.* ¶ 8.) But she was in the frozen food aisle for about three to five minutes before her fall. (*Id.* ¶ 18.) A few minutes before the incident, Plaintiff walked over the exact spot where she later fell but saw no liquid on the floor. (*Id.* ¶ 19.) She never looked down at the floor in her last ten steps before falling. (*Id.* ¶ 16.)

After falling and while lying on the floor, she observed small droplets of a clear liquid in a trail on the floor. (*Id.* ¶ 23.) Plaintiff

---

[2] The Court omits some of Defendant's facts from the Court's factual recitation because they are immaterial. (*See, e.g.*, Dkt. 27-1 ¶ 3.)

testified that the liquid was clear, invisible, and could not be seen from a
standing position:

> Q: Do you know if those droplets could have been seen
> from a standing position?
>
> A: No, sir.
>
> Q: And that's, no, they could not, or no, you don't know?
>
> A: I don't – I don't think you can see it –
>
> Q: Okay.  I get the impression –
>
> A: – because it was clear – it was clear liquid.  So you
> wouldn't have been able to see it because the floor was
> white.
>
> Q: Sure.
>
> A: It blended into the floor.  So –
>
> Q: That clear – the clear droplets on the white floor
> you're saying were pretty much invisible from a
> standing position?
>
> A: Yes.

(*Id.* ¶ 24.)  She does not know what took place in the aisle before her
incident; the source of the liquid; how the liquid got on the floor; or when
the area was last inspected before her incident.  (*Id.* ¶¶ 9–12.)  Nothing
was blocking her view of the aisle, and no one called out to Plaintiff or
distracted her in any way.  (*Id.* ¶¶ 13–14.)  The area where she fell was

Case 1:20-cv-03366-MLB   Document 35   Filed 08/23/21   Page 5 of 17

well lit.  (*Id.* ¶ 15.)  None of Defendant's employees were in the aisle at the time of the incident.  (*Id.* ¶ 17.)

## III.  Legal Standard

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law."  *W. Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1360 (11th Cir. 1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 1361 (citing *Anderson*, 477 U.S. at 248).

The party moving for summary judgment bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact.  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The nonmoving party then has the burden of showing that summary judgment is improper by coming forward with "specific facts" showing there is a genuine dispute for trial.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)).  Ultimately, there is no "genuine issue for trial" when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Id.* (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson*, 477 U.S. at 247–48.  A district court must "resolve all reasonable doubts about the facts in favor of the non-movant[] and draw all justifiable inferences in his or her favor."  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (alteration adopted) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

## IV.   Discussion

### A.   Summary Judgment Motion

To prevail on a slip-and-fall claim, the plaintiff must prove "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the

owner/occupier." *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997).[3]

The first element (i.e., Defendant's knowledge) is at issue here.

### 1.    Actual Knowledge

Plaintiff alleges that Defendant had actual knowledge of the alleged

hazard.  (Dkt. 1-1 ¶ 27.)  But the undisputed evidence shows Plaintiff had

no reason to believe any employee of Defendant knew the substance was

on the floor before Plaintiff's incident.  (Dkt. 27-1 ¶ 25.)  It is also

undisputed that there were no employees in the frozen food aisle at the

time of the incident.  (*Id.* ¶ 17.)  Defendant is thus entitled to summary

judgment on the issue of actual knowledge.  *See Medders v. Kroger Co.*,

572 S.E.2d 386, 387 (Ga. Ct. App. 2002) ("[I]t is undisputed that there

---

[3] Plaintiff asserts that the hazard was not a static condition, but then she cites static defect cases to support her arguments.  (Dkt. 31 at 2.) Defendant argues static defect cases are inapplicable because this is a foreign substance case.  (Dkt. 34 at 1.)  The Court agrees with Defendant. "Slip-and-fall cases can be divided into several categories: foreign substance cases (involving nonstructural defects, such as water on the floor), static defect cases (generally involving structural defects, such as cracks in the pavement of a parking lot)[,] and ramp cases, which are far fewer in number."  Michael J. Gorby, *Georgia Premises Liability* § 2:2 (2020).  Georgia courts define a "static defect" as a hazardous condition that is both patent and long standing.  *Id.* § 2:3 (collecting cases).  Foreign substance cases often involve stores, particularly grocery stores, in which a foreign substance, typically water, trash, or a misplaced object, has been spilled or dropped onto the floor.  *Id.* § 2:4.  This case is best classified as a foreign substance case.

were no Kroger employees in the immediate area when [the plaintiff] fell. Therefore, she cannot show that Kroger had actual knowledge of the hazard.").

## 2.    Constructive Knowledge

Plaintiff alleges Defendant had constructive knowledge of the alleged hazard.   (Dkt. 1-1 ¶ 29.)   Constructive knowledge may be demonstrated in two ways: (1) showing a store employee was in the immediate area of the hazard and could have easily seen and removed it; or (2) showing the hazard had been present long enough that the store could have discovered it through reasonable inspection procedures. *Lomax v. Kroger Co.*, 824 S.E.2d 629, 631 (Ga. Ct. App. 2019) (citing *Wallace v. Wal-Mart Stores, Inc.*, 612 S.E.2d 528, 530 (Ga. Ct. App. 2005)).   Because no store employees were in the immediate area when Plaintiff fell (Dkt. 27-1 ¶ 17), she must use the second method of proving constructive knowledge.   *Shepard v. Winn Dixie Stores, Inc.*, 527 S.E.2d 36, 38 (Ga. Ct. App. 1999).   Under the second method, constructive knowledge "may be inferred when there is evidence that the owner lacked a reasonable inspection procedure."   *Id.*   A defendant may disprove that it had constructive knowledge by showing "not only that it had a

reasonable inspection program in place, but that such program was actually carried out at the time of the incident." *Id.* Alternatively, a defendant may disprove that it had constructive knowledge by showing that the alleged hazard could not have been discovered during a reasonable inspection. *See Chastain v. CF Ga. N. Dekalb LP*, 569 S.E.2d 914, 916 (Ga. Ct. App. 2002) ("If there is no evidence that the [alleged hazard] could have been discovered during a reasonable inspection, then no inference arises that defendants' failure to discover the defect was the result of any alleged failure to inspect."). Accordingly, no inference of constructive knowledge arises when there is no evidence that the alleged hazard could have been discovered during a reasonable inspection. *See Hopkins v. Kmart Corp.*, 502 S.E.2d 476, 479 (Ga. Ct. App. 1998) ("[I]n the absence of evidence that a reasonable inspection would have discovered the foreign substance, no inference can arise that defendant's failure to discover the defect was the result of its failure to inspect." (alterations adopted)).

Defendant argues the clear liquid that allegedly caused Plaintiff's fall was invisible and thus no reasonable inspection could have discovered it. (Dkt. 27-2 at 13.) The Court agrees. In *Chastain*, a man

9

slipped on a small area of dribbled water in a mall. 569 S.E.2d at 915.

He testified that the dribbled water was not easily visible to him or

anyone else. *Id.* at 916. Similarly, his wife testified that "[i]t was not a

puddle" and "[t]he only way" one could see the dribbled water on the

shiny mall floor was to bend down and look from a specific angle. *Id.* The

court found summary judgment was proper because the alleged hazard

was, by the plaintiffs' own admission, so difficult to detect that it could

not have been discovered during a reasonable inspection. *Id.*; *see also*

*Blake v. Kroger Co.*, 480 S.E.2d 199, 202 (Ga. Ct. App. 1996) (finding no

evidence that the defendant's employees could have found and removed

a small wet spot on the floor when it was barely visible, if at all, to

someone crawling on the floor looking for it); *Rodriquez v. City of*

*Augusta*, 474 S.E.2d 278, 279 (Ga. Ct. App. 1996) ("The fact that [the

plaintiff] admitted that the alleged dangerous substance was not visible

precludes finding that the [defendant's] employee could have easily

noticed and corrected it.").

Here, the alleged hazard, by Plaintiff's own admission, could not

have been discovered during a reasonable inspection. A few minutes

before the incident, Plaintiff walked over the exact spot where she later

fell but never saw the liquid on the floor. (Dkt. 27-1 ¶ 19.) After she fell and was lying on the floor, she observed small droplets of a clear liquid in a trail on the floor. (*Id.* ¶ 23.) As quoted above, Plaintiff testified that the liquid was clear, invisible, and could not be seen from a standing position. (*Id.* ¶ 24.) This testimony establishes that the alleged hazard was invisible from a standing position and thus could not have been seen. "[W]hen the undisputed evidence shows that a liquid cannot be seen during the course of an inspection, a defendant's employees cannot be expected to notice, and then remove, the substance." *See Glenn v. Wal-Mart Stores E., LP*, No. 1:18-CV-01119-CAP, 2019 WL 7485333, at *6 (N.D. Ga. Nov. 12, 2019) (collecting cases); *see also Blake*, 480 S.E.2d at 202 ("We know of no case or rule which requires a proprietor or its employees to crawl on the floor at regular intervals to discover and remove every otherwise hidden or invisible hazard.").

The Court recognizes that the Georgia Court of Appeals explained that the *Chastain* principle does not reach terribly far, in part because a plaintiff's admissions about the visibility of the hazard are still construed in her favor. *See Donastorg v. Rainbow USA, Inc.*, 802 S.E.2d 425, 429 (Ga. Ct. App. 2017) (en banc). In that case, the plaintiff stepped on an

anti-theft sensor pin in a clothing store.  *Id.* at 426.  The court thought

the plaintiff's testimony made the case distinguishable from *Chastain*:

> Q: Did you see the pin before you stepped on it?
>
> A: No.
>
> . . .
>
> Q: Okay.  Was the pin covered by anything?
>
> A: No.
>
> Q: It was just in the middle of the floor?
>
> A: Yes.
>
> Q: Do you think if you would have looked down at the floor you would have seen the pin?
>
> A: No, because the rack—the rack is so full, and I'm short, and [my daughter is] short, so we wouldn't have seen it.  It happened, like, right there.
>
> Q: I know.  I understand you didn't see it, but I guess my question is . . . if you looked down at the ground like this, do you think you could have seen it?
>
> A: No.
>
> Q: I thought you said it was out in the open.
>
> A: No, you wouldn't have seen it.  You tell me if I had looked down in front of me?  No, because I was this way when I step[ped] backwards on the left side of the floor.
>
> Q: But there was nothing hiding it?

A: No.

Q: Okay, if you were looking for the pin, do you think you could
have seen it?

A: No.

*Id.* at 429–30.  The court found it was "not immediately clear from [her]

testimony that it was the nature or location of the pin, as opposed to her

position relative to it, that rendered it difficult for her to detect."  *Id.* at

429.  The court thus held it could not "definitively conclude that [the

plaintiff's testimony] equate[d] to an admission that even an employee

who was fully aware of the hazards associated with stray sensor pins

would not have been able to see and identify the hazard during a

reasonable inspection of the storeroom floor."  *Id.* at 430.  That case,

however, is distinguishable.  Unlike in *Donastorg*, Plaintiff's testimony

regarding the difficulty in detecting the alleged hazard is not dependent

on her height or her position relative to the hazard.  Plaintiff testified

that the liquid on the floor was clear, invisible, and could not be seen from

a standing position.  (Dkt. 27-1 ¶ 24.)

A recent case in this district addressed *Donastorg* and *Chastain*.

*See Allen v. Walmart, Inc.*, No. 2:18-cv-164-RWS, 2020 WL 247006, at *3–

4 (N.D. Ga. Jan. 16, 2020). The *Allen* court noted that the margins

between *Chastain* and cases that distinguish it are often slim. *Id.* at \*4.

But the court ultimately concluded that *Chastain* was distinguishable

from the facts in the case before it:

> [T]he Court is persuaded that the hazard at issue was not
> immune from discovery. Wal-Mart argues that the puddle
> was "invisible" based on the photographs. But contrary to its
> claim, how the hazard appears in the photographs is not the
> determinative question. Nowhere in its statement of
> undisputed facts does Wal-Mart assert that Ms. Allen said the
> liquid was "invisible." If anything, the record reflects that it
> could be seen from a normal, standing position, by her and by
> the manager. Further, the liquid formed a puddle, not
> isolated droplets, as was the case in *Chastain*.

*Id.* This case includes the undisputed facts missing from *Allen*. Plaintiff

testified that the liquid was invisible; the liquid could not be seen from a

normal, standing position; and the liquid consisted of small droplets in a

trail. (Dkt. 27-1 ¶¶ 23–24.) The Court finds both *Donastorg* and *Allen*

distinguishable.

## B.    Fictitious Parties

With summary judgment granted to Defendant, the only remaining

defendants are XYZ Corporation and John Doe. "As a general matter,

fictitious-party pleading is not permitted in federal court." *Richardson*

*v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). Thus, claims

14

against fictitious or non-existent parties are usually dismissed. *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019). The Eleventh Circuit, however, "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to" make the fictitious name, "at the very worst, surplusage." *Richardson*, 598 F.3d at 738 (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). This exception does not apply here. The complaint describes XYZ Corporation as "occup[ying] the position of the unknown vendor of the premises where the subject incident occurred" and says XYZ Corporation "was acting within the scope of employment for Defendants Wal-Mart store #2475 and/or Wal-Mart and/or XYZ Corporation on the premises where Plaintiff sustained the injuries." (*See* Dkt. 1-1 ¶ 6.) The complaint says John Doe "was acting within the scope of employment for Defendants Wal-Mart Store #2475 and/or Wal-Mart and/or XYZ Corporation on the premises where Plaintiff sustained the injuries" and John Doe's "acts and/or omissions contributed to Plaintiff's damages." (*Id.* ¶ 7.) Those descriptions fail to provide enough specificity to determine the identity of XYZ Corporation and John Doe. *Compare Richardson*, 598 F.3d at 738 (finding the complaint's description of John

15

Doe—"John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute"—to be insufficient to identify the defendant among the many guards employed at the Charlotte Correctional Institute), *with Dean*, 951 F.2d at 1216 (finding the complaint's description of John Doe—"Chief Deputy of the Jefferson County Jail"—to be sufficient to identify the head of the Jefferson County Jail).  Accordingly, Plaintiff's descriptions do not render his "XYZ Corporation" and "John Doe" labels mere "surplusage." Thus, under the general rule, dismissal of the claims against XYZ Corporation and John Doe is appropriate.  *See Cook v. Corizon, LLC*, No. 2:17-CV-178-SMD, 2019 WL 2076392, at *6 (M.D. Ala. May 10, 2019) (sua sponte dismissing defendants under the fictitious party pleading rule).

## V.   Conclusion

Because the Court finds that Defendant had neither actual nor constructive knowledge of the alleged hazard, Plaintiff's claim fails against Defendant.[4]   The Court **GRANTS** Defendant's Motion for Summary Judgment (Dkt. 27).

---

[4] Because the Court finds Plaintiff has failed to show that Defendant had actual or constructive knowledge of the alleged hazard, the Court need

With the sua sponte dismissal of XYZ Corporation and John Doe,

no defendants remain in this case.  The case is therefore **DISMISSED**.

The Clerk is **DIRECTED** to close this case.

   **SO ORDERED** this 23rd day of August, 2021.


_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

not decide the second issue of whether Plaintiff exercised ordinary care
for her own safety.  *See Medders*, 572 S.E.2d at 378 (affirming grant of
summary judgment on basis of no actual or constructive knowledge).

17